Estate of Archimedes Heckman. Appeal of Maria E. Ward, Administratrix of the Estate of Joseph H. Ward, Deceased.

*Principal and agent—Landlord and tenant—Assignment of lease—Corporations.*

Where a lease is made through an agent of the landlord to an individual, solely for the purpose of securing the property until a corporation to which the lease is to be transferred be organized, and all of this is known to the agent of the landlord, the landlord cannot, after the organization of the corporation, the transfer of the lease and the possession of the property to the corporation, and the payment of the rent by it to the lessor for several years, hold the individual lessee liable for the rent under the lease. The principal cannot secure the benefit of the contract and repudiate the means by which its execution was induced. In such a case knowledge on the part of the agent employed by the lessor to rent the premises for him will be imputed to the lessor.

It seems that in such a case, where the agent was to receive one quarter of the rent for effecting the lease, the fact that he was one of the incorporators of the company did not render the lease absolutely void, so as to prevent the lessor from recovering so much of the rent as he himself was to actually receive.

Argued March 28, 1895. Appeal, No. 137, Jan. T., 1895, by Maria E. Ward, administratrix of Joseph H. Ward, deceased,

from decree of O. C. Phila. Co., July T., 1893, No. 134, sustaining exceptions to adjudication.   Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.   Affirmed.

Exceptions to adjudication.

At the audit, before ASHMAN, J., Joseph H. Ward, since deceased, presented a claim upon a written lease by Archimedes Heckman, the decedent, as lessee, with the claimant, as lessor, dated March 13, 1890, for ten years, of a certain brickyard at a rental of $1.00 for every thousand bricks manufactured and burned on said premises, the number of bricks for the first year to be not less than 2,500,000, and for every subsequent year not less than 4,000,000.

The lease between the decedent and the claimant was negotiated by J. Milton Shafto, who was the claimant's agent for the special purpose of obtaining a tenant for the premises, and who had been so engaged for several months prior to the date of the lease in question.   Shafto had introduced the decedent to the claimant, and after some negotiations between them the lease was executed.   It appeared that shortly afterwards the lessee assigned the lease to a corporation which he was instrumental in forming and in which he owned practically all the stock.   The corporation was known as the Philadelphia Brick Company.   The claimant's agent, Shafto, was one of the corporators, and acted for some time as the general manager for the company.

The claimant admitted the payment of rent up to May 1, 1892.   The balance claimed was for rent due May 1, 1893, $2,294.50, and from May 1, 1893, to December 14, 1893, 2½ quarters, $2,500.

The claimant also asked for the setting apart of a fund for the payment of rent accruing thereafter.   It was objected that the claimant as lessor had accepted rent from the Philadelphia Brick Company, to whom the decedent had assigned or agreed to assign his lease.   The minutes of the company, a corporation, showed that on March 6, 1890, its board of directors was authorized by the corporators to purchase the lease from the decedent, and that on March 26, 1890, the directors accepted an assignment of the lease from Heckman for the sum of $20,000, payable by the company in stock.

Other facts appear by the opinion of the Supreme Court.

The auditing judge allowed the claim.

Exceptions to the adjudication were sustained, PENROSE, J., filing the opinion of the court.

*Errors assigned* were in sustaining exceptions to adjudica tion.

I. *Hazleton Mirkil* and *F. Carroll Brewster*, for appellant.— Claimant was not charged with the knowledge of his agent: Mechem on Agency, sec. 723; Kennedy v. Green, 3 Myl. & Keene, 699; Wassell v. Reardon, 54 Am. Dec. 245; DeKay v. Water Co., 38 N. J. Eq. 158; Musser v. Hyde, 2 W. & S. 314; Frenkel v. Hudson, 60 Am. Rep. 736; Allen v. R. R., 150 Mass. 200; Thompson–Houston Co. v. Capital Electric Co., 56 Fed. Rep. 849.

Where parties contracted as the agent and for the. benefit of a company, but the contract was under their own hands and seals, they were individually liable, and an action of covenant was properly brought against them as individuals: Quigley v. DeHaas, 82 Pa. 267; Sanders v. Sharp, 153 Pa. 555.

There was no fraud on the part of the lessor's agent: Short v. Millard, 68 Ill. 292; Ruchman v. Bergholz, 38 N. J. L. 531; Herman v. Martineau, 60 Am. Dec. 368.                    •

The finding of fact by an auditing judge has the force of a verdict: Bromley's Est., 43 Leg. Int. 16; Boyer's Est., 46 Leg. Int. 432; Cantlin's Est., 16 Phila. 387; Cresson's Est., 43 Leg. Int. 446; McDonough's Est., 46 Leg. Int. 99; Drinkhouse's Est., 29 W. N. C. 35.

Fraud is a question of fact, and in this case depends entirely upon the findings of the court upon the evidence: Ward v. Center, 3 Johns. (N. Y.) 271; Bank v. Beck, 49 Pa. 394; Young v. Edwards, 72 Pa. 257; Loucheim v. Henszey, 77 Pa. 305; Mead v. Conroe, 113 Pa. 220.

Assuming for the purposes of argument, that the agent was technically guilty of fraud, his acts created no damage to the lessee: Hastings on Fraud, 3; Lake v. Tyree, 19 S. E. 787; Story on Equity, sec. 203; Vernon v. Keys, 12 East, 637; Bigelow on Fraud, chap. 5, p. 540; Taylor v. Scoville, 54 Barb. 34; Byard v. Holmes, 34 N. J. 296; People v. Cook, 4 Selden,

67; Slidell v. Righter, 3 La. Ann., 199; Meyer v. Yesser, 32 Indiana, 294; Hale v. Philbrick, 47 Iowa, 217.

To charge a respondent on account of fraud, there must not only be evidence of it, but also that he was conusant of the fraud, or profited by it: Ferson v. Sanger, 1 Woodbury & Minot (Circt. Ct. U. S.), 138; Stephen's Nisi Prius, vol. 2, p. 1090; Pitcher v. Stovey, 1 Salk. 81; Port v. Jackson, 17 Johns. 239; Kunckle v. Wynick, 1 Dall. 305; Moale v. Tyson, 2 Har. & McKen. 387; Dewey v. Dupuy, 2 W. & S. 553; Frank v. Maguire, 42 Pa. 77 · Bank v. Alexander, 140 Pa. 22.

*A. T. Freedley*, *Franklin Swayne* with him, for appellee.— The secret agreement of Ward with Shafto on March 12, 1890, whereby, the day before the lease, the decedent's coassociate was bribed by a present of twenty-five per cent of whatever rent might be obtained from the lessees, was such a fraud upon decedent as would avoid any claim by Ward on a lease so fraudulently procured.: Medbury v. Watson, 6 Metcalf (Mass.), 246.

The claimant Ward, through his agent, Shafto, had full knowledge that the Philadelphia Brick Company were to be the real lessees of the property, and that it was never contemplated that the decedent, Heckman, should either take possession or be the actual tenant of the property, but that he was simply holding it until the Philadelphia Brick Company should be organized, at which time the lease was to be assigned to said company, who were to become the actual tenants of the property.

Where the lessee, by written assignment, assigns his term to an assignee who goes into possession, and the landlord deals with such assignee as an original tenant substituted in place of the former lessee, then such landlord cannot thereafter recover against the lessee for rent accruing while the premises are in possession of the assignee: 2 Wood's Landlord and Tenant, sec. 495; Smith v. Nyver, 2 Barbour, 181; Thomas v. Cook, 2 Barn. & Ald. 119; 2 Reed on Statute of Frauds, sec. 799; McKinney v. Reader, 7 Watts, 123; People's Savings Bank v. Alexander, 140 Pa. 22.

An implied surrender is not within the statute of frauds, and may be by parol: Auer v. Penn., 92 Pa. 444; Davidson v. Ghent, 1 Hurlstone & Norman, 744; Nichols v. Atherstone, 10 Ad. & E., 944; Whitehead v. Clifford, 5 Taunton, 518; Phene v.

Popplewell, 12 C. B., N. S., 334; Pratt v. Richards Co., 69 Pa. 53.

OPINION BY Mr. JUSTICE WILLIAMS, January 6, 1896:

This case depends upon the inferences to be drawn from the evidence submitted to the orphans' court. The auditing judge reached one conclusion while his associates reached the opposite one, and it becomes necessary to inquire whether the evidence fairly sustains the decree made by the majority of that court. It appears that several persons, among whom were Heckman and Shafto, had arranged to organize a company for the manufacture and sale of brick. Shafto was the only one of the number who was an experienced brickmaker, and his judgment as to the preliminary arrangements, including the selection of materials and the location of a brickyard, was relied on by all his associates. He was at the same time the agent of Ward, employed by him to secure a tenant for a brickyard owned by him, with the promise that he should have one quarter of the rent obtained. Under these circumstances he directed the attention of his associates to Ward's property, proposing a lease of the yard and of the right to take the clay, to be paid for by a royalty of one dollar per thousand bricks, with a minimum royalty of twenty-five hundred dollars for the first year and four thousand per annum thereafter. Two or three of his associates, including Heckman, visited the property at his instance. The brick company had not been organized. A meeting was brought about by Shafto between Ward and his own associates in the brick enterprise, which resulted in a lease upon the terms Shafto had proposed.

Heckman was to become the president of the company when it was fully organized, and the lease was executed by him on behalf of the company then in process of formation, and as soon as the company was in condition to take it he assigned it directly to the corporation. This was done in pursuance of an understanding to which his associates, including Shafto, the agent of the lessor, were parties. The bills were thereafter made to the Philadelphia Brick Company, presented to its officers, and paid, except in one instance, by its checks.

Under the circumstances disclosed by the evidence we think the knowledge of Shafto was notice to his principal that the

tenant of the yard and the purchaser of the clay was the corporation and not any member or officer thereof; that the corporation was the prospective operator and owner of the works, and was to be looked to for the rents or royalties.  The subsequent course of dealing would indicate actual knowledge of the facts, and recognition of the relation of lessor and lessee between himself and the corporation on the part of Ward.

We are not prepared to adopt the conclusion reached by the court below that the bad faith of Shafto in his dealings with his associates rendered the contract he had negotiated between them and his employer absolutely void.  As to any right of action or interest of his own, that result might well follow; but we can see no reason why the lessor should not recover for his royalties, at least as to so much thereof as he was actually to receive.  It is not necessary however to enter upon that subject.  We place the affirmance of this judgment on the ground already indicated.  The agent negotiated this lease.  He knew perfectly well who was to be the lessee, and by whom the enterprise was to be conducted.  He was himself a member of the company for whose use and benefit Heckman became temporarily a substitute; and it would have been a fraud on Heckman for Shafto to attempt to hold him personally responsible for what he well knew was understood to be the obligation of the corporation.  The principal cannot secure the benefit of the contract and repudiate the means by which its execution was induced.  He stands on the ground on which his agent has put him.

The assignments of error are overruled and the decree is affirmed.