## Becker, Appellant, *v.* Second Active Building Association.

*Evidence—Contract—Parol evidence—Varying link in contract.*
In an action of assumpsit upon a written agreement by which the parties had covenanted for an exchange of real estate, the court commits no error in rejecting an offer by the plaintiff to prove an alleged contemporaneous parol agreement when there is no aver-

ment that the parol agreement was omitted from the written contract through fraud, accident or mistake or that it was made by the defendant to induce the plaintiff to sign the written contract. Croyle v. Cambria Land & Imp. Co., 233 Pa. 310, distinguished.

Argued January 17, 1913. Appeal, No. 202, Jan. T., 1912, by plaintiff, from order of C. P. No. 1, Philadelphia Co., Dec. T. 1909, No. 4751, refusing to take off nonsuit in case of Katharine Becker v. Second Active Building Association. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on a contract. Before BREGY, P. J.

The facts are stated in the opinion of the Supreme Court.

At the trial when the plaintiff was on the stand the defendant asked for an offer of proof.

Mr. Byron: We have on record a great many admissions which really bring the case down to a close point as to whether or not there was any agreement of exchange—as to what the agreement was. There is nothing in it with regard to the building association causing the $8,500 mortgage to be released as to the premises which Mrs. Becker retained—the southwest corner of Tioga and Amber streets. I want to prove that she was induced to sign that agreement of exchange because of a verbal agreement made contemporaneously with John C. Geuther, the authorized representative of a building association, to cause the $8,500 mortgage which had been upon her remaining property to be released.

The Court: Do I understand you to mean that Mr. Geuther had authority from the building association to make an agreement to release the mortgage?

Mr. Byron: Yes, sir; implied authority. He had authority to so agree.

The Court: You will have to prove that first—that he had that authority.

Mr. Byron: My offer is to prove by the witness that

the oral agreement was made by Mr. Geuther which induced her to sign the written agreement; and that Mr. Geuther did so by authority of the building association.

(Objected to by Mr. Ballou.)

(Objection sustained.)

(Exception for plaintiff.)

Mr. Byron: I suppose that rules out my offer to prove by the witness the collateral agreement of the building association?

The Court: My thought is that the agreement for the sale of the real estate must be in writing, that the agreement for this sale is in writing and that you cannot prove orally anything inconsistent and different from the written agreement; and for that reason I sustain the objection and give you an exception.

Mr. Byron: Then I cannot go on. That is my case and I close.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Errors assigned* were ruling on above offer quoting the bill of exceptions, and in refusing to take off nonsuit.

*Robert J. Byron,* with him *Albert S. Longbottom,* for appellant.

*De Forrest Ballou,* with him *H. Walter Geuther,* for appellee.

OPINION BY MR. JUSTICE STEWART, March 17, 1913:

This appeal has nothing to support it. What is complained of is the rejection of an offer of evidence to prove an oral agreement, made contemporaneously with the written agreement by which the parties covenanted for an exchange of certain properties. The plaintiff was owner of two separate lots in the City of Philadelphia, both alike subject to the lien of a mortgage for $8,570. The defendant was owner of another property

in the City of Philadelphia which was subject to a lien of a mortgage for $3,600. By written articles of agreement dated 13 September, 1901, they covenanted for an exchange of one of the properties owned by the plaintiff for that owned by the defendant, on these terms: the defendant was to convey its lot to the plaintiff subject to the mortgage of $3,600 for a cash consideration of $2,500; the plaintiff was to convey to defendant one of the lots owned by her, subject to the mortgage of $8,570, and to pay defendant an additional cash consideration of $2,400. Deeds were made and delivered 12 October, 1900, pursuant to the agreement, and the contract as written was fully executed in all particulars. The $8,570 mortgage which bound the lot retained by the plaintiff as well as that conveyed to the defendant was foreclosed, and at the sheriff's sale which followed both lots were sold. The plaintiff claims that she thereby sustained a loss of $4,000; but just how this resulted is nowhere explained. Her action was brought to recover this loss, she alleging that by an oral agreement, made contemporaneously with the written contract, defendant had undertaken to have the mortgage which encumbered both her properties released as to the one she retained. On the trial of the case an offer was made to show by the witness—the plaintiff herself being on the stand—that she was induced to sign the written agreement of exchange because of this verbal agreement. The rejection of the offer is assigned as error. It ought not to be necessary to repeat so frequently the rule that all prior agreements, verbal or written, become merged in the sealed instrument which is the final result of the bargaining, and which can neither be added to nor subtracted from by parol evidence, except as fraud, accident or mistake be shown. While the offer in this case was to show a parol agreement for additional consideration to that expressed in the written contract, it suggests no explanation of the fact that the written contract is silent as to such additional consideration. It is no-

where averred that it was omitted through fraud, acci-dent or mistake. The plaintiff knew, or should have known, when she signed the written contract, that it contained no covenant that defendant would cause her remaining property to be released from the lien of the mortgage; she did not ask to have such covenant in-serted, but relied wholly upon the oral promise which she says defendant had made that it would secure such release. The offer was not to prove that defendant made the promise the plaintiff now sets up in order to induce her to sign a written contract from which the covenant had been omitted inadvertently or otherwise, as was the case in Croyle v. Cambria Land & Imp. Co., 233 Pa. 310, which appellant thinks so much resembles this, but simply that in signing the written contract which did not express the entire consideration she understood she was to receive, she had in mind defendant's promise, and that this circumstance induced her action.

A more careful examination of the case referred to would have made the distinction apparent between that case and this. There the oral agreement which was set up had been inadvertently omitted from the written agreement, when discovered by the party to be preju-diced by the omission he at once declined to execute it. To avoid the delay that would be necessary, were an-other contract to be written, and induce the party to execute it as written, the other contracting party prom-ised that if he signed as written what had been agreed upon orally and by mistake had been omitted should be faithfully performed. On the strength of this promise, the contract there was executed. The offer in the pres-ent case was simply to show a contemporaneous oral contract, the omission of which from the written con-tract did not influence the plaintiff one way or other in respect to the execution of the latter, and under rules which admit of no controversy, it was properly rejected.

The judgment is affirmed.