# Crelier *v.* Mackey, Appellant.

*Contracts—Construction—Evidence—Parol evidence rule—Binding instructions.*

1. The plain terms of a written contract cannot be varied by oral evidence, where there is no offer to prove that there has been any fraud, accident or mistake in the execution of the agreement. The meaning of the parties to the agreement is conclusively presumed

to have been set forth in its written words, and, in the absence of ambiguity, it is for the court to construe it.

2. Where plaintiff and defendant signed an agreement on the letter head of a corporation and there is nothing on the face of such agreement to indicate that the defendant did not intend to be personally bound, the court does not err in refusing an offer to show that the defendant had executed the contract as the representative of the corporation and that this fact was known to the plaintiff at the time the contract was executed.

Argued Oct. 29, 1913. Appeal, No. 204, Oct. T., 1913, by defendant, from judgment of C. P. Allegheny Co., First T., 1911, No. 113, on verdict for plaintiff in case of Charles F. Crelier v. Thomas R. Mackey. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on written contract. Before EVANS, J
The contract was as follows:
"Thomas R. Mackey Baking Company.
"PITTSBURGH, PA., Feb. 23d, 1905.
"An agreement between Chas. F. Crelier and Thomas R. Mackey, President of the Thomas R. Mackey Baking Co., in consideration of getting the dividends on $10,000 worth of Common stock when dividends are declared, and a salary of $200 per month.

"I hereby bind myself to accept the position as foreman of the Thomas R. Mackey Baking Company for five (5) years, and agree to report for duty not later than August 1st, 1905, Mr. Mackey agreeing to protect me to the extent of $1400 on my twenty-five (25) shares of Ward-Mackey Company's common stock.

"Mr. Mackey further agrees to pay Mr. Crelier in cash the sum of $1400 in five (5) years from the above date.

"(Signed)    CHAS. F. CRELIER.
"THOS. R. MACKEY."

"Witnessed,
"M. FAGAN."

Other facts appear by the opinion of the Supreme Court.

Verdict for plaintiff by direction of the court for $1,638 and judgment thereon. Defendant appealed.

*Errors assigned* were the first assignment referred to in the opinion of the Supreme Court and in directing a verdict for plaintiff.

*Walter M. Lindsay,* with him *Clarence Burleigh* and *William A. Challener,* for appellant.

*Thomas Brown,* of *Brown & Stewart,* for appellee.

OPINION BY MR. JUSTICE BROWN, January 5, 1914:

Though the agreement in this case was written on a letterhead of the Thomas R. Mackey Baking Company, and Thomas R. Mackey, the appellant, is therein described as president of that company, it is not a contract between the said company and the appellee, nor is there anything in it showing an intention of the parties to it that Crelier, the appellee, should look to the company for payment of the sum for which he sues. Mackey, as an individual, agreed, without condition, in a separate clause of the contract, that he would pay the appellee $1,400 five years from August 1, 1905, and to the agreement he appended his individual signature, without adding anything thereto to indicate that he did not intend to be personally bound. As the agreement is free from all ambiguity, it was for the court to construe it, and it was properly construed to be the personal obligation of the appellant.

The disallowed offer, which is the subject of the first assignment of error, was to show that the agreement was not what it clearly purported to be, but that the appellant had executed it as the mere representative of the Thomas R. Mackey Baking Company, and that this fact was known to the appellee at the time it was executed.

If the offer had been allowed, permission would have been given the defendant to vary and contradict the terms of a plain contract and to substitute for it another, upon which the appellee would have no cause of action against the appellant. With no averment in the affidavit of defense, and with no offer on the trial to prove that there had been any fraud, accident or mistake in the execution of the agreement, its plain terms were not to be radically changed by parol: Hunter v. McHose, 100 Pa. 38; Wodock v. Robinson, 148 Pa. 503; Krueger v. Nicola, 205 Pa. 38; Lowry v. Roy, 238 Pa. 9. The meaning of the parties to the agreement is conclusively presumed to have been set forth in its written words, and, as they speak for themselves, their meaning was for the trial judge.

Judgment affirmed.