# Hamilton, Appellant, v. Fleck.

*Contracts—Leases—Variation by parol—Insufficient evidence—
Landlord and tenant—Removal of fixtures—Equity—Injunction.*

1. The terms and effect of a written lease cannot be added to, contradicted or varied by parol or extrinsic evidence of the intentions of the parties, their negotiations leading up to the lease, or what was said and done prior to and at the time of executing the instrument.

2. An agreement that a tenant shall have the right to remove buildings or other fixtures erected by him at the end of his term, cannot be added to a lease by parol evidence.

3. Where, upon the trial of an action in equity to restrain a tenant from removing fixtures at the end of his term, it appeared that the tenant was bound by his lease to return the premises in the condition in which he received them, the fixtures then being in place, the court erred in allowing the tenant to show by parol evidence that it was orally agreed between the parties, when the lease was signed, that the tenant should have the right to remove the fixtures, and the decree dismissing the bill was reversed.

Argued March 23, 1915. Appeal, No. 479, Jan. T., 1914, by plaintiffs, from decree of C. P. No. 1, Philadelphia Co., March T., 1914, No. 1664, in equity, refusing an injunction, in case of Anna D. Hamilton, Emma E. Donohugh and Wilber F. Hamilton, executors and trustees under the will of William J. Donohugh, deceased, v. George C. J. Fleck, Edward T. Comfort, and Edward T. Comfort, trustee in bankruptcy of the Paxson &

Comfort Company. Before BROWN, C. J., MESTREZAT, ELKIN and MOSCHZISKER, JJ. Reversed.

Bill in equity for an injunction. Before PATTERSON, J.
The opinion of the Supreme Court states the facts.
The court on final hearing refused the injunction. Plaintiffs appealed.

*Error assigned,* among others, was the decree of the court.

*Thomas Raeburn White,* with him *Wm. A. Robinson,* for appellants.—The facts upon which the court below based its decree were found exclusively from oral testimony which was inadmissible: Crelier v. Mackey, 243 Pa. 363; Becker v. Second Active Building Association, 239 Pa. 590; First National Bank of Shickshinny v. Tustin, 246 Pa. 151; Hall v. Phillips, 164 Pa. 494; Eberle v. Bonafon's Executors, 17 W. N. C. 335; Woodland Cemetery Co. v. Carvill, 9 Legal Intelligencer, 98.

Upon the undisputed evidence, plaintiffs' agent had no authority to make the alleged oral agreement which was the basis of the court's decree.

*I. Hazleton Mirkil,* with him *Buckman & Buckman,* for appellees.—Findings of fact by a chancellor will not be reversed on appeal, except for manifest error: Bauer v. Byrd, 245 Pa. 437; John Church Co. v. Guernsey, 190 Pa. 284; Fitzsimmons v. Robb, 193 Pa. 518; Greenwalt v. Dixon, 194 Pa. 363; Obney v. Obney, 26 Pa. Superior Ct. 116; Kelley v. Shay, 206 Pa. 215; Gundaker v. Ehrgott, 209 Pa. 284; First National Bank of Pittsburgh v. McKinley Coal Co., 210 Pa. 76; Googe v. Gaskill, 18 Pa. Superior Ct. 39; Steinmeyer v. Siebert, 190 Pa. 471; Hale & Kilburn Mfg. Co. v. Norcross, 199 Pa. 283; Bannon v. Lincoln National Bank, 14 Pa. Superior Ct. 566; Hunter v. Bilheimer, 22 Pa. Superior Ct. 622.

Every equitable doctrine is opposed to the plaintiff's

contention: Isman v. Hanscom, 217 Pa. 133; Hill v. Sewald, 53 Pa. 271; Seeger v. Pettit, 77 Pa. 437; Lindsay Bros. v. Curtis Publishing Co., 236 Pa. 229; Stopper v. Kantner, 29 Pa. Superior Ct. 48; Wick v. Bredin, 189 Pa. 83.

OPINION BY MR. JUSTICE MESTREZAT, May 26, 1915:

By a lease dated July 1, 1902, William J. Donohugh let to the Paxson & Comfort Company a seven story building located at Nos. 526-528 Cherry street, in the City of Philadelphia, for the term of ten years. The lease contained a provision that certain fittings, fire doors, elevators, elevator work, cement work, partitions and enclosures "shall at all times be and remain the property of the lessee and may be removed thereform at the will of the lessee, or at the expiration of this lease, or of any term which may be an extension thereof." William J. Donohugh died in 1906 and the plaintiffs in this action are his executors and trustees. At the expiration of the lease it was renewed for the further period of one year from July 1, 1912. Sometime prior to March 31, 1913, the Paxson & Comfort Company went into bankruptcy, and Edward T. Comfort was made trustee in bankruptcy for the company. The trustee notified the representatives of William J. Donohugh of the lessee's intention to terminate the lease at the expiration of the term ending July 1, 1913. A lease was entered into about August 1, 1913, dated July 1, 1913, and for a term of one month from that date, renewable from month to month, between the agent of the decedent's estate and Edward T. Comfort for the fourth, fifth and seventh floors of the Cherry street building. The lease of July 1, 1913, was assigned about January 31, 1914, to George C. J. Fleck who is now the tenant of the premises under the lease. The elevator and other fixtures which the Paxson & Comfort Company, the lessee, had the right to remove under the original lease were sold by the company's trustee in bankruptcy to Fleck. By virtue of a

warrant of attorney contained in the original lease a judgment in an amicable action of ejectment was entered by the lessors against the Paxson & Comfort Company on July 31, 1913, and the court finds that since that date the company has not been in possession of any portion of the demised premises. It further appeared by the evidence, and was so found by the court, that the rent accruing under the lease of July, 1913, was paid from the bankrupt estate of the Paxson & Comfort Company by checks sent to the lessors signed by Edward T. Comfort as trustee. The court also found that the lease of July 1, 1913, was assigned to Fleck by permission of the lessors.

This was a bill filed by the plaintiffs to restrain George C. J. Fleck, Edward T. Comfort, and Edward T. Comfort, trustee in bankruptcy of the Paxson & Comfort Company, the defendants, from removing from the demised premises the intermediate floor between the first and second floors, the steam fittings, gas fittings, fire doors, elevators, elevator work, cement work, partitions, enclosures and all permanent fixtures. The learned court below entered a decree dismissing the bill and the plaintiffs have taken this appeal.

The defendants claim that the lease dated July 1, 1913, between the plaintiffs and Edward T. Comfort, although signed by him, was really made for the Paxson & Comfort Company which, they allege, was the real tenant of the premises, that when the lease was executed it was orally agreed between the parties that it should be treated as an extension of the former lease to the company, which gave the latter the right to remove the fixtures, the subject of this controversy, and that Comfort was acting for the company in assigning to Fleck the lease and the company's right to the fixtures, and, therefore, Fleck can remove the fixtures. The learned judge of the court below admitted parol testimony to sustain the defendant's contention, and found that Comfort, who is named as lessee in the lease dated July 1, 1913, was acting for and on behalf of the Paxson & Comfort Company, that

the fact was known to the lessors at the time the lease was executed, and that Comfort's name as lessee was used as the means by which the lease was made to the Paxson & Comfort Company, the real tenant of the property. He found as conclusions of law that the lease of July 1, 1913, was, in effect, a renewal of the original lease, that the Paxson & Comfort Company, its trustee or its assignee, never abandoned title to the fixtures in question and the title is now in Fleck, the assignee and one of the defendants in this proceeding.

The controlling question in the case is whether the learned court below erred in overruling the plaintiffs' motion to strike out the parol testimony on which the court based its findings that Edward T. Comfort in executing the lease of July 1, 1913, was acting on behalf and for the benefit of the Paxson & Comfort Company and that there was an agreement that Comfort might remove the fixtures in controversy at the end of the term. This is the subject of the eighteenth assignment of error. Under the original lease it was expressly stipulated, as will be observed, that the lessee had the right to remove the fixtures, and if the provisions of that lease, by extension, were operative there could be no question of the right of the defendants to remove them. If, however, the lease to Comfort was not an extension of the original lease but was a new lease taken by him in his individual capacity, and not as representing the Paxson & Comfort Company, then Comfort, or his assignee, would have no right to remove the fixtures after the expiration of the term. There is no provision in the lease of July 1, 1913, which changes the common law in this respect; on the contrary it contains a covenant that at the termination of the term the lessee "will deliver up the said premises in as good condition, order and repair as the same now are, reasonable wear and tear, and damage by accidental fire excepted." The question, therefore, is whether parol evidence was admissible to show that by agreement of the parties Comfort was acting

for and on behalf of the Paxson & Comfort Company in taking the lease of July 1, 1913, and that the lease of that date was to be regarded as an extension of the original lease.

We think the learned court was in error in refusing to strike out the parol testimony offered by the defendants to show that in executing the lease of 1913 Comfort was acting for the Paxson & Comfort Company, and that it was the intention of the parties to treat the fixtures mentioned in the lease as the property of the Paxson & Comfort Company. There is no allegation that there was any fraud, accident or mistake in the execution of the lease. It is conceded, or must be, that it was the intention of both parties to the lease that it should be taken in the name of Edward T. Comfort, as lessee. The counsel representing the company admitted in his testimony that the plaintiffs objected to renting to the company because it was bankrupt, and wanted Comfort to execute the lease personally because he was financially responsible. There is no ambiguity or any uncertainty as to the parties to the instrument or as to any of its provisions. It is not pretended that it contains the provision in the original lease which permits the lessee to remove the fixtures. The covenants of the lessee are to be performed by Comfort individually and not by the Paxson & Comfort Company. So far as the lease discloses, the company is not a party to it, has no rights under it, and is not obligated to perform any covenants contained in it. No reference is made to the lease of 1902 nor to any of its terms or provisions. In other words, the lease of 1913, executed by Comfort as lessee, so far as its written terms disclose, was not intended to be and is not a renewal of the lease of 1902 or any renewals of that lease. It is clear, therefore, that the parol evidence admitted by the learned court and on which it based its findings of fact and conclusions of law was incompetent and the motion to strike it out should have prevailed. It established a parol agreement in direct

conflict with the terms of the written contract, without any evidence or even any allegation of fraud, accident or mistake. The well recognized rule in such cases is stated with the authorities, including our own decisions, sustaining it in 17 Cyc. of L. & P. 622, as follows: "The terms and effect of a written lease cannot be added to, contradicted, or varied by parol or extrinsic evidence of the intentions of the parties, their negotiations leading up to the lease, or what was said and done prior to and at the time of executing the instrument." And on page 623 it is said: "An agreement that the tenant shall have the right to remove buildings or other fixtures erected by him, at the end of his term, cannot be added to the lease by parol evidence." We know of no case, and have been referred to none, which sustains the court's rulings; on the contrary, all our authorities are clear that the testimony was inadmissible and should have been rejected. Among the more recent cases sustaining the rejection of such testimony are Hall v. Phillips, 164 Pa. 494; Becker v. Second Active Building Association, 239 Pa. 590; Crelier v. Mackey, 243 Pa. 363; First National Bank of Shickshinny v. Tustin, 246 Pa. 151. Crelier v. Mackey, 243 Pa. 363, was an action of assumpsit brought on an agreement signed by Thomas R. Mackey. On the trial of the cause he offered to prove as a defense to the action that he signed the contract merely as the representative of the Thomas R. Mackey Baking Company of which he was the president, and that this fact was known to the other party to the agreement at the time it was executed. In affirming the action of the trial court in excluding the offer we said, inter alia (p. 366): "If the offer had been allowed, permission would have been given the defendant to vary and contradict the terms of a plain contract and to substitute for it another, upon which the appellee would have no cause of action against the appellant. With no averment in the affidavit of defense, and with no offer on the trial to prove that there had been any fraud, accident or mistake in the execu-

tion of the agreement, its plain terms were not to be radically changed by parol."

The decree of the court below is reversed, and the bill is reinstated with a procedendo.