## Sullivan, Appellant, *v.* Emerick.

*Equity—Deeds—Bill for cancellation of—Evidence—Sufficiency.*

The terms of a written conveyance of land cannot be contradicted or varied by parol evidence of the intentions of the parties in their negotiations leading up to the conveyance, or what was said prior to the time of executing the instrument, in the absence of fraud, accident or mistake in the execution of the instrument. A general averment of fraud without a specification of the character of the fraud is not sufficient to impeach a contract in writing.

On a bill in equity for the cancellation of a deed, the bill is properly dismissed, where its averments are not sufficient to sustain an injunction against the defendants and the evidence in behalf thereof is not sufficient to support a decree.

Submitted April 23, 1925. Appeal No. 185, April T., 1925, by plaintiff from decree of C. P. Butler County, Sitting in Equity, December T., 1924, No. 3, in the case of Margaret Sullivan and Rebecca Sullivan v. George C. Emerick, Roy B. Grossman, Florence Grossman and Marie Emerick. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, J.J. Affirmed.

Bill in equity praying for the cancellation of a deed. Before HENNINGER, P. J.

The facts are stated in the opinion of the Superior Court.

On demurrer by the defendant the Court dismissed the bill.  Plaintiff appealed.

*Error assigned* was the decree of the Court.

*T. H. Negley* and *W. H. Martin,* for appellant.

*Zeno F. Henninger,* for appellee.

OPINION BY HENDERSON, J., July 9, 1925:

The bill in this case was filed to bring about the cancellation of a deed for the conveyance in fee simple of a small piece of land which before the conveyance formed a part of the farm inherited by the complainants from their father.  The charge was that the defendants by art, stratagem, fraud and deception sought to induce the plaintiffs to convey to George C. Emerick, one of the defendants, the land described in the bill, and in pursuance of the said fraud, stratagem, deception, etc., said Emerick represented to the complainants that he wanted the lot for the location of a home for himself and family, and thereupon covenanted, promised and agreed with the complainants, both verbally and by written article, that in consideration of the sale of said lot of land at the price agreed on, he would build a house for himself and family thereon at a cost not less than $3,000; that the defendants, Roy B. Grossman and Florence Grossman, had nothing to do with the purchase of the lot and under no circumstances would he sell the same to the said Grossman, and he would give the plaintiffs the first opportunity to buy, if he should decide to sell.  Relying on the said promises and covenants, the plaintiffs executed and delivered a deed to Emerick for the lot referred to.  This conveyance was made August 13, 1924.  The bill further recites that Emerick

did not construct a house of any sort on the lot; that he did not give the complainants the first chance to buy the lot; and that he executed and delivered to said Grossman and his wife a conveyance in fee simple for said lot for a consideration of $575 which deed was dated September 6, 1924, and recorded September 19, 1924. After the latter purchase, Grossman and his wife commenced the erection of a building for the purpose of entertaining the public, furnishing meals, and selling goods, including gasoline in violation of the representations, promises, covenants and agreements made by said Emerick with the complainants. A demurrer to the bill was sustained and of this action of the court the appellants complain. It is to be noticed, first, that if there was a written contract between the complainants and Emerick for the sale of the lot, a copy of the article is not exhibited, nor is its absence satisfactorily accounted for. At the most therefore according to the record the complainants had an oral agreement with Emerick prior to the execution of the deed according to which the latter consented to a limitation of its right to convey. No restrictions or conditions were incorporated in the conveyance subsequently made to Emerick, nor is there any averment that it was the intention of the parties that such restrictions or conditions should be in the deed, nor that such restrictions and conditions were omitted from the deed because of fraud, accident or mistake at the time of the execution of the instrument. Negotiations between parties relating to the conveyance of land are presumed to be merged in the writing executed to effect the transfer. It is a well recognized rule that the terms of a written conveyance of land cannot be contradicted or varied by parol evidence of the intentions of the parties in their negotiations leading up to the conveyance, or what was said prior to the time of executing the instrument, in the absence of fraud, acci-

dent or mistake in the execution of the instrument, and such defect in the conveyance must be pleaded: Hamilton v. Fleck, 249 Pa. 607; Lowry v. Roy, 238 Pa. 9; Crelier v. Mackey, 243 Pa. 363. The deed is presumed to express the whole contract between the parties and is not to be set aside by vague averments of a prior parol understanding. There is no attempt in the bill to give a copy of the article of agreement said to have been lost or destroyed, but if it were properly introduced, the case would not be stronger for the deed followed the article of agreement and was the consummation of the whole transaction. Without a sufficient explanation of the reason why the restriction was not incorporated in the deed, it must be held that no such restriction was intended. Moreover, it is not averred that Grossman and his wife had knowledge of the circumstances of the conveyance to Emerick as alleged in the bill. They bought from Emerick after his deed was on record and stand as innocent purchasers for value so far as the pleadings exhibit the necessary facts. A general averment of fraud without a specification of the character of the fraud is not sufficient to impeach a contract in writing. An examination of the bill makes it evident that its averments are not sufficient to sustain an injunction against Grossman and his wife. Nor is there any support for the prayer for the reconveyance to the complainants of the lot in question. The price agreed on was paid by Emerick and no offer to return it to him is made or proposed and the prayer should not be entertained for that reason.

The decree is affirmed and the appeal dismissed at the cost of the appellants.