## Langman v. Vitullo

*Ned Stein,* for plaintiff.
*Furia & DiCintio,* for defendant.

CRUMLISH, J., January 26, 1950. — To plaintiff's amended complaint in assumpsit defendant has filed a preliminary objection in the nature of a demurrer.

Plaintiff real estate broker, as agent for defendant, entered into an agreement with Sara and Benjamin Cherkas, leasing for five years defendant's property from May 1, 1947, at a total rental of $15,000, payable $250 monthly.

The agreement under which Sara and Benjamin Cherkas entered defendant's property as lessees was executed by Joseph Langman, plaintiff, as agent, and contained the following clause: "The lessor agrees to pay to Joseph Langman, his heirs and assigns, the brokerage commission of five per cent for his services in negotiating this lease and the collection of the rent for the owner, his heirs, executors, administrators and assigns, during the terms of this lease or any subsequent renewal hereof." The language of this clause is meaningless without reference to the interpretation the parties gave it, because nowhere in the lease is defendant named. Plaintiff is referred to as the lessor, and, strictly interpreted, the agreement calls for the plaintiff to pay himself the commission. The lease, however, was accepted by defendant; the tenants entered thereunder, and, for the period of their tenancy, plaintiff collected the rents for the owner (defendant) who accepted them.

Sara and Benjamin Cherkas moved out about December 31, 1947. Defendant refused to accept the tenant plaintiff offered, and his son took over the premises for a period of time under terms not disclosed in the complaint. When the son moved out, plaintiff again presented a tenant whom the defendant refused to accept. Defendant gave the property to another agent to rent.

Plaintiff seeks to recover $650. The lessees occupied the premises for eight months. The commission of five percent for the rental during the whole term would have been $750. The plaintiff, then, is giving defendant credit for the $100 commission he has already received, that is, five percent of the eight $250. installments the lessees paid up until they removed in December 1947. His theory is that he is entitled to the full commission of $750. This necessarily implies that the commission was due upon the "negotiation" of the lease. There is

no written agreement setting forth the terms under which plaintiff was to "negotiate", and the term, as used in the clause on which plaintiff must rely, besides being in conjunction with the undertaking to collect rent, is without definition. Plaintiff, therefore, cannot look for support from the cases (for example, Seabury v. Fidelity Insurance Trust & Safe Deposit Co., 205 Pa. 234 (1903)) where a broker has completed his duty, according to the terms of the contract, upon finding a tenant and bringing the parties together.

Defendant contends that plaintiff is entitled only to the commissions, already received, deducted from each installment as it was collected. Counsel has not provided us with, and we have been unable to find, a reported authority in this jurisdiction deciding the precise question before us.

The agreement on which both must rely is that defendant pay plaintiff a five percent commission for "his services in negotiating this lease and the collection of the rent for the owner." The intention of the parties in using this phrase, if determinable, controls the meaning of the agreement. The important question as to intent here is whether by "for . . . services in negotiating . . . and the collection of rent . . ." the parties meant that the undertakings of the agreement be severable or intended that the plaintiff perform both before he became entitled to his commission. "The meaning of the parties to the agreement is conclusively presumed to have been set forth in its written words, and, in the absence of ambiguity, it is for the court to construe it": Crelier v. Mackey, 243 Pa. 363 (1914) (syllabus). See also Slonaker v. P. G. Publishing Co., 338 Pa. 292, 296 (1940).

The fact that the language of the agreement was used by plaintiff himself (defendant's name does not appear in the agreement) requires that this language be interpreted most strongly against him. Such an

interpretation of the words "for negotiating and collection of rent" naturally demands that plaintiff, their user, do both. Furthermore, the fact that the parties acted under the agreement for eight months is helpful. The interpretation the parties themselves gave to the agreement is indicative of their intent. For eight months the parties acted as though they intended that plaintiff should keep five percent of each rental installment of $250, for that is what he did. This behavior leads to the conclusion that they meant the five percent to be payable when the installment from which it was deducted was collected. See Tustin v. Philadelphia & Reading Coal & Iron Co., 250 Pa. 425, 435 (1915) and Daub's Estate, 313 Pa. 35, 37 (1933).

The plain words of their agreement and the conduct of the parties negate the plaintiff's theory that he had earned his commission when he completed the negotiation of the lease and that, therefore, he is entitled to the commission due on the rental installments not collected.

Accordingly, the preliminary objection is sustained, and the amended complaint is dismissed.