# Wodock, Appellant, *v.* Robinson.

*Agreement in writing—Lease under seal—Parol evidence to vary, only admissible on allegation of fraud, accident or mistake.*

It is a rule too firmly rooted in justice and honesty to be easily eradicated from any system of wise laws that all negotiations, all conversations, all oral promises, all verbal agreements, are forever merged in, superseded and extinguished by the sealed instrument which is the final outcome and result of the bargaining of the parties:

Unless fraud, accident or mistake be averred, the writing constitutes the agreement between the parties, and its terms can neither be added to nor subtracted from by parol evidence.

148  503
169  546
148  503
194  133

148  503
201  144
148  503
19 SC  ¹475
20 SC  ¹316

148  503
23 SC  ¹ 49
148  503
210  326
27 SC  378

148  503
29 SC  148
30 SC  143

148  503
f221  ¹168
221  169

Plaintiff's statement in trespass for damages for personal injuries set forth a written lease of the premises through the lack of repair of which the injury occurred to her husband, in which the lessee expressly covenanted to keep the premises in good order and condition during the term; and further set forth that at the time of the execution of the lease, and before and afterwards, the condition of the premises being called to the notice of lessor, lessor had agreed to repair the same and put and maintain the same in good and safe condition, and that said agreement was part and portion of said lease. Defendant demurred :

*Held,* That the alleged agreement was flatly contradictory of the terms of the lease and inadmissible in contradiction of the same in the absence of any allegation of fraud, accident or mistake.

Argued March 24, 1892.   Appeal, No. 44, July T., 1891, by plaintiff, Mary Wodock, from judgment of C. P. No. 4, Philadelphia Co., Dec. T., 1890, No. 71, sustaining demurrer to statement, in favor of defendant, Sarah J. Robinson.   Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM and MITCHELL, JJ.

Trespass to recover damages for personal injuries.

The facts appear by the opinion of the court below, THAYER, P. J., which was as follows :

" The defendant, in accordance with the reformed principles of pleading introduced into this state by the procedure act of 1887, was sued in an action of trespass in which the plaintiff seeks to recover consequential damages for a bodily injury resulting from the breach of an alleged contract.   The plaintiff, Mary Wodock, is the wife of Charles Wodock, who, on the 16th of January, 1889, rented from the defendant, Sarah Robinson, a farm situate in Abington township, in Montgomery county.   By the express terms of the lease, which is under seal and which the plaintiff has properly made a part of her case by annexing the same to her statement filed, the lessee, the plaintiff's husband, expressly covenanted to keep the premises in good order and condition during the term, ordinary wear and tear and casualties by fire excepted, and to deliver up the premises in like good order and condition at the expiration of the term.   It was also stipulated that if the lessee should hold over it should be deemed a renewal of the lease and of all its covenants, terms and conditions.   This lease was formally sealed and witnessed.   It so happened that on the 16th of June, 1890, the plaintiff, while engaged in her household duties in

the kitchen of the farmhouse, was precipitated through the floor in consequence of the floor and joist giving way by reason of their rotten and decayed condition, by which she alleges she was hurt and underwent much pain and suffering, for which she claims in this suit to recover five thousand dollars damages. By the terms of the demise it is plain enough that the defendant was under no obligation whatever to keep the premises in repair, but that, on the contrary, it was expressly covenanted by the lessee that he would keep the premises in repair himself. In the face, however, of this express agreement under the seals of the respective parties, it is averred by the plaintiff in her statement, that before, at the time, and after the execution of said lease, the said defendant by her authorized agent did faithfully promise and agree to and with the said Charles Wodock that she would put said premises, particularly the dwelling or farmhouse, in a good, safe and sound condition and repair, and upon said promise and agreement the said Charles Wodock was induced to rent said premises and execute said lease. That at the time of the execution of said lease, and before and afterwards, the condition of said dwelling or farmhouse was called to the notice of said defendant, and she, through her agent, then and there agreed to repair said house and put it and maintain it in a good and safe condition, and which agreement was part and portion of said lease. That defendant's attention and notice was frequently called to the unsafe and dangerous condition of said premises, and she was requested to repair and remedy the same, which she at all times refused to do after the said Charles Wodock and plaintiff entered into the possession of said premises.

" It is nowhere alleged in the statement, that the lessee was induced to sign the lease by any fraud, or that there was any accident or mistake in the drawing up of the instrument, or in the insertion of the covenant by which the lessee bound himself for the repairs necessary to keep the premises in good order and condition. There is only the bald statement that the defendant, when the lease was executed, promised, through her agent, that she would repair. The alleged promise is therefore in flat contradiction of the terms of the instrument signed and sealed by the parties, and in the absence of a distinct averment in the plaintiff's statement, of fraud, accident or mistake, could

not be proved at the trial, for it is as true now as it ever was, and is a rule too firmly rooted in justice and honesty to be easily eradicated from any system of wise laws, that all negotiations, all conversations, all oral promises, all verbal agreements, are forever merged in, superseded and extinguished by, the sealed instrument which is the final outcome and result of the bargaining of the parties. Unless you aver fraud or mistake you can no more incorporate in it what does not there appear than you can make and seal a new bond for the parties without their consent. You can no more blot out a word which it contains than you can tear off the signatures and seals of the parties. *Manent litteræ scriptæ* is still the rule. The written instrument shall stand as the sole exponent of the minds of the parties. If it were not for this rule no man would be able to protect himself by the most solemn forms and attestations against falsehood, misrepresentation and perjury. In this matter the common law and the civil law are fully agreed, for *contra scriptum testimonium non scriptum testimonium non fertur*, is the language of the code: Cod. b. iv, tit. 20. The cases upon this subject are myriad. Many of them at first blush seemingly inharmonious, contradictory and irreconcilable with the established rule and with other adjudications. But often the contradiction is only apparent and not real, and dependent upon special circumstances which clearly bring the case within the recognized exceptions of fraud, accident or mistake. However judges and courts may have differed in the application of the rule, no judge has had the hardihood to deny it, or to refuse to apply it in a clear case, free from the qualifying circumstances which bring it within the operation of the exceptions. It would be a day's journey to travel through the Pennsylvania cases alone in order to substantiate this. I shall content myself at present with a selection of three cases from the more recent reports, which not only sufficiently justify the present ruling, but are conclusive upon this point raised by the demurrer.

" In Hunter v. McHose, 100 Pa. 38, it was deliberately determined after argument by able counsel, that in order to enable a party to prove, in a suit upon a contract under seal, a parol contemporaneous agreement as a part of the contract, he must aver in his declaration either fraud or mistake in omitting such agreement from the terms of the written contract. ' Parol evi-

dence,' said SHARSWOOD, C. J., in that case, 'is inadmissible
to reform a written contract, unless the declaration specially
sets forth the fraud as a ground for such reformation. The
same rule applies of course to the case of mistake.' 'Had the
declaration,' he further said, 'contained the same averment as
in Gower v. Sterner, 3 Wh. 75, namely, that the contempora-
neous parol agreement was intended by the parties to have been
inserted in the covenant, but was omitted therefrom by the
mistake of the scrivener, there would have been ground for hold-
ing that the offer should have been admitted. Such an averment
if proved would have justified a reformation of the instrument.
The plaintiffs, however, contented themselves with declaring
without an averment either of fraud or mistake. This did not
meet the exigency of the rule which requires that the defend-
ant should have distinct notice of the ground upon which the
reformation of the instrument is asked, that he may come pre-
pared to meet it. I do not consider, said ROGERS, J., in Clark
v. Partridge, 2 Pa. 15, this as a mere technical objection. It is
a matter of some moment to the defendant to have his cause
tried on the only and true issue.'

"The case of Jackson v. Payne, 114 Pa. 67, was a well-
considered case. The old and wholesome rule, which maintains
the inviolability of written instruments by parol proof, was
there fully applied in an able opinion by GREEN, J., it being
decided that parol evidence is not admissible to contradict or
vary a written instrument where there is no allegation of fraud,
accident or mistake, nor any promise then made as to its use
which was subsequently violated. There an attempt was made
to reform a mortgage by parol evidence showing that it was
given for an amount different from that expressed on its face,
and the court below was reversed for leaving it to the jury when
it should have given a binding instruction that both the de-
fendant and the jury were concluded by the sum mentioned in
the instrument. 'There was neither allegation, nor proof of
any fraud, accident or mistake in the execution of the mort-
gage,' said the learned judge, 'and we have several times held
that in these circumstances parol evidence is not admissible to
contradict or vary written instruments.' And he then proceeds
to marshal a goodly array of cases from recent decisions of the
court which fully maintain the opinion.

" The case of Eberle v. Bonafon's Executors, 17 W. N. C. 335, is as near the present case as possible. It is indeed squarely on all fours with it. That was an action of replevin for rent. The lease contained the following clause: ' The lessee promises the lessor to pay the rent punctually, and during the term to keep, and at the end thereof peaceably deliver up, the premises in good order and repair, reasonable wear and tear excepted.' The plaintiff offered to show that at the time the lease was signed it was agreed between the landlord and the tenant that the roof should be put in good repair, and other repairs made by the landlord, and that only on that condition the lease was signed, and that it would not have been signed except for that agreement. The offer was overruled, and there was judgment for the landlord, which was affirmed by the Supreme Court, the Chief Justice saying, ' there was no error in rejecting this evidence. It does not tend to establish fraud, accident or mistake. Its purpose is to establish a contemporaneous parol agreement to change the effect of the written contract.'

" In the case now before us, as it is presented in the statement filed, the effort is, as it was in Eberle v. Bonafon's Executors, not only to strike out by parol a solemn covenant in a written and sealed instrument, but to write in its place another agreement flatly contradictory of it. No court should lend its aid to such an experiment. The three cases which I have referred to should stand forever as perpetual landmarks and towers of defence in this state against all such attempts to overthrow the solemn agreements in writing of the parties, by substituting for them the uncertain and perishable recollection of parties or bystanders, or, what is perhaps more frequently the case, their prevaricating, dishonest and fraudulent statements.

" By the express words of the demise in the present case the lessee, who was the plaintiff's husband, took upon himself the obligation of making the necessary repairs to keep the premises in good order and condition. If in consequence of the neglect of that obligation the plaintiff has suffered an injury, she must look nearer home for that redress which she wrongfully claims from the defendant.

" As the point now decided goes to the root of the plaintiff's

1892.]	Opinion of Court below—Opinion of the Court.

case, it is not considered necessary to discuss the other causes of demurrer assigned by the defendant.

"Demurrer sustained."

*Error assigned* was the sustaining of the demurrer.

*Harry K. Fries, Joseph A. Abrams* with him, for appellant, cited: Grove v. Hodges, 55 Pa. 504; McDowell v. Simpson, 3 Watts, 135; Logue's Ap., 104 Pa. 136; Rhines v. Baird, 41 Pa. 256 ; Reitenbaugh v. Ludwick, 31 Pa. 131; Close v. Zell, 28 W. N. C. 277; Building Association v. Hetzel, 103 Pa. 511; Hoopes v. Beale, 90 Pa. 82; Smith v. Insurance Co., 89 Pa. 287; Spencer v. Colt, 89 Pa. 314; Greenawalt v. Kohne, 85 Pa. 369; Shepler v. Scott, 85 Pa. 329.

*Samuel C. Perkins*, for appellee, not called on.

PER CURIAM, April 18, 1892:

The opinion of the learned judge of the court below, sustaining the defendant's demurrer, is so clear and satisfactory, that we affirm the judgment for the reasons given by him.

Judgment affirmed.