## Krueger v. Nicola, Appellant.

*Evidence—Parol evidence to vary written instrument—Pleading—Statement.*

To contradict or vary the terms of a written contract by an oral cotemporaneous agreement between the parties, there must be allegation as well as proof, not only of it, but of its omission through fraud, accident or mistake from the writing.

Parol evidence is inadmissible to reform a written contract, unless the declaration specially sets forth the fraud, accident or mistake alleged as a ground for such reformation.

Where in an action to recover damages for the breach of a written contract for the exchange of land, the plaintiff in order to meet the averments of the affidavit of defense sets up an oral agreement made prior to the execution of the written agreement, but neither in his statement of claim, nor in his replication, avers that the oral agreement was omitted from the written agreement by fraud, accident or mistake, the plaintiff will not be permitted at the trial to offer evidence of the alleged oral agreement.

Argued Nov. 7, 1902.   Appeal, No. 195, Oct. T., 1902, by defendant, from judgment of C. P. No. 3, Allegheny Co., May T., 1901, No. 148, on verdict for plaintiff in case of Oscar E. Krueger v. Frank F. Nicola.   Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Reversed.

Assumpsit for breach of an agreement for the exchange of lands.   Before KENNEDY, P. J.

From the record it appeared that on July 11, 1900, plaintiff and defendant entered into an agreement for the exchange of land.   This agreement was not carried out, and plaintiff brought the present action for the breach.   The defendant filed an affidavit of defense in which he averred that plaintiff did not own certain of the lands which he agreed to convey, but that the same was held by a third party with whom there existed an oral agreement that plaintiff should have a conveyance of the land upon the payment of $10,000.   The defendant alleged that he was at all times willing to comply with his contract until he discovered that plaintiff made it absolutely impossible for the contract to be carried out.   To meet the averments of the affidavit of defense, the plaintiff filed a replication, setting up an alleged cotemporaneous parol agreement to the effect that defendant had agreed to raise the $10,000 to pay for the land plaintiff was to get from the third party, defendant taking a mortgage for it on the land that defendant himself was to convey.   It was not averred either in the statement of claim, or in the replication, that the alleged parol agreement was omitted from the written agreement by fraud, accident or mistake.   At the trial the court admitted

under objection and exception numerous offers of testimony to establish the parol agreement. [8–12]

The court charged in part as follows:

[I desire here to refer to what seems to me to be the most important part for your consideration. The agreement, as it is written, provides for the exchange of the properties, upon the terms which have been detailed to you at great length. It is supposed, when parties enter into a written agreement, that it contains the whole of their agreement, or understanding, at the time, and all the negotiations or talk, prior to the time of the actual execution of the agreement, are merged in this agreement. But in this case it is alleged, on the part of the plaintiff, that there was a very important matter not included in this agreement, but clearly understood between them at the time, and that it was to be a part of the agreement; and that that additional agreement between them was part of the inducement, or consideration, which the plaintiff had for the signing or execution of the contract. The oral agreement, or understanding between them outside of the written agreement was, as the plaintiff alleges, a covenant or agreement on the part of Nicola to furnish $10,000 in cash, to be raised by mortgage or mortgages upon these Greenfield avenue lots which were to be conveyed to the plaintiff. The plaintiff alleges that that was the distinct understanding at the time, and that if it had not been so understood, he would not have entered into this agreement at all. He alleges that it was not included in the written agreement, for the reason that the article of agreement was signed late in the evening of July 11, and when they had not time, as was said, to incorporate that in it. They were about to adjourn: the remark was made as the plaintiff alleges, by the defendant Nicola, that it was well understood, and that it would be carried out, although not in the agreement, as explicitly as if it had been incorporated in the agreement. According to the plaintiff's allegation, they separated with that understanding, that this raising of the $10,000 by the defendant Nicola was as much a part of the agreement between them as if incorporated in the papers. The plaintiff, alleging that there was this additional agreement, which, in point of fact, varies the terms of the original agreement, the burden is upon

him to satisfy you that this additional oral agreement was made. It is not only his duty to satisfy you from the weight of the testimony, but the burden is upon him to satisfy you that this oral agreement was made, which is not mentioned in the written agreement. He must satisfy you by proof that is clear, precise and indubitable. Unless he has so satisfied you by the testimony, that is the end of this case, and your verdict must be for the defendant. This is the first and most important question for your consideration.] [3]

[If the plaintiff has failed to satisfy you from the weight of the testimony, the burden being upon him, then his case falls. Or, if he fails to satisfy you by evidence or proof that is clear, precise and indubitable, his case falls and your verdict must be for the defendant.] [4]

Verdict and judgment for plaintiff for $22,000. Defendant appealed.

*Errors assigned* were (3,4) above instructions, quoting them; (8–12) rulings on evidence, quoting the bill of exceptions.

*W. B. Rodgers*, with him *William M. Hall, Jr.*, and *W. B. Adair*, for appellant.—It was error for the court under the pleadings to admit evidence of any alleged oral agreement: Wodock v. Robinson, 148 Pa. 503; Hunter v. McHose, 100 Pa. 38; Rowand v. Finney, 96 Pa. 192.

*D. F. Patterson*, with him *J. M. Stoner*, for appellee.—That the court below was right in submitting to the jury the question as to the proof of the oral agreement appears from the following cases: Chalfant v. Williams, 35 Pa. 212; Miller v. Henderson, 10 S. & R. 290; Greenawalt v. Kohne, 85 Pa. 369; Lippincott v. Whitman, 83 Pa. 244; Renshaw v. Gans, 7 Pa. 117; Spencer v. Colt, 89 Pa. 314; Graver v. Scott, 80 Pa. 88; Hoopes v. Beale, 90 Pa. 82; Phillips v. Meily, 106 Pa. 536; Campbell v. McClenachan, 6 S. & R. 171; Shugart v. Moore, 78 Pa. 469; Caley v. Philadelphia, etc., R. R. Co., 80 Pa. 363; Barclay v. Wainwright, 86 Pa. 191; Keough v. Leslie, 92 Pa. 424; Martin v. Fridenburg, 169 Pa. 447; Furniture Co. v. School Dist., 158 Pa. 35; Cloud v. Markle, 186 Pa. 614; Laird v. Campbell, 100 Pa. 159; Bown v. Morange, 108 Pa. 69; Walker v. France, 112 Pa. 203.

OPINION BY MR. JUSTICE BROWN, January 5, 1903:

The agreement on which the appellant brought this suit was for the sale, or rather exchange, of real estate. He alleged in the statement of his cause of action his readiness and willingness to comply with the terms of the written contract, and claimed damages from the defendant for the latter's failure to perform them. An affidavit of defense was filed in which the defendant averred his willingness to comply with the contract and alleged the inability of the plaintiff to do so on account of obstacles that were set out in detail. A replication was then filed, in which the plaintiff, in answer to the averment in the affidavit of defense that he owed $10,000 upon the property which he was to convey. to the defendant, set up an alleged oral agreement entered into by the defendant before and at the time the written one was executed, by the terms of which the defendant had agreed to raise for the plaintiff the said sum of $10,000 to enable him to pay off what was substantially a mortgage upon the premises. With the pleadings in this shape the case came to trial, and, under objection by the defendant, the plaintiff was allowed to prove the oral, cotemporaneous agreement set out in his replication.

Without proof of the kind required by the law in a case like this, that Nicola had made the oral agreement to raise the $10,000 for Krueger, it is clear the plaintiff had no cause of action against the defendant, and the jury were so instructed by the learned trial judge. It is equally clear that his statement, containing no averment of such an agreement, and its omission from the written one by fraud, accident or mistake, was insufficient to support the action, and a judgment on it could not be sustained. To contradict or vary the terms of a written contract by an oral, cotemperaneous agreement between the parties, there must be allegation as well as proof, not only of it, but of its omission through fraud, accident or mistake from the writing. This has been ruled so frequently that reference is hardly needed to one or two of the many authorities on the subject. In Wodock v. Robinson, 148 Pa. 503, the plaintiff's statement set forth a written lease, in which the lessee, her husband, covenanted to keep the premises in good order and repair during the term, but there was an allegation of an oral agreement on the part of the lessor, at the time of

the execution of the lease, that he would repair and maintain the property in good and safe condition. A demurrer was filed on the ground that the alleged oral agreement was contradictory of the terms of the lease and inadmissible in contradiction of it, in the absence of any allegation of fraud, accident or mistake. The demurrer was sustained, and, in affirming the judgment, we adopted as our own the following language from the opinion of the learned judge below : " It is nowhere alleged in the statement, that the lessee was induced to sign the lease by any fraud, or that there was any accident or mistake in the drawing up of the instrument, or in the insertion of the covenant by which the lessee bound himself for the repairs necessary to keep the premises in good order and condition. There is only the bald statement that the defendant, when the lease was executed, promised, through her agent, that she would repair. The alleged promise is therefore in flat contradiction of the terms of the instrument signed and sealed by the parties, and in the absence of a distinct averment in the plaintiff's statement, of fraud, accident or mistake, could not be proved at the trial, for it is as true now as it ever was, and is a rule too firmly rooted in justice and honesty to be easily eradicated from any system of wise laws, that all negotiations, all conversations, all oral promises, all verbal agreements, are forever merged in, superseded and extinguished by, the sealed instrument which is the final outcome and result of the bargaining of the parties. Unless you aver fraud or mistake you can no more incorporate in it what does not there appear than you can make and seal a new bond for the parties without their consent. You can no more blot out a word which it contains than you can tear off the signatures and seals of the parties. Manent litterae scriptae is still the rule. The written instrument shall stand as the sole exponent of the minds of the parties." Hunter v. McHose, 100 Pa. 38, was a case in which the plaintiffs offered to prove on the trial, just as here, an oral agreement on the part of the defendant which had not been incorporated in the written one, but was alleged to have been the inducement to them to sign it. There was no averment that it had been omitted by fraud or mistake, and the evidence offered was excluded. In sustaining this ruling, we said : " Had the declaration in this case contained the same averments as in Gower v. Sterner, 2 Whart. 75, namely, that the cotemporaneous parol

agreement offered to be proved was intended by the parties to have been inserted in the covenant, but was omitted therefrom by the mistake of the scrivener, there would have been ground for holding that the offer of evidence rejected should have been admitted. Such an averment, if proved, would have justified a reformation of the instrument. What a chancellor would decree to be done, the courts of this state consider as actually done. Covenant then would be the proper action upon the instrument as reformed. The plaintiffs, however, contented themselves with declaring on the instrument as they alleged was agreed, without an averment either of fraud or mistake. This did not meet the exigency of the rule, which requires that the defendant should have distinct notice of the ground upon which the proposed reformation is asked, that he might come prepared to meet it. . . . Parol evidence is inadmissible to reform a written contract according to the intention of the parties, unless the declaration specially sets forth the fraud as a ground for such reformation. The same rule applies of course to the case of a mistake."

The rule that the allegata and probata must agree in a case like this is not a mere technical one: ROGERS, J., in Clark v. Partridge, 2 Pa. 13.

Assuming, on the authority of Mahon v. Gormley, 24 Pa. 80, and Murray et al. v. Keyes et ux., 35 Pa. 384, that a material defect in a narr. may be cured by a replication, to be regarded as an amendment to it (though the much better practice is to formally amend the narr. itself), such replication, it need hardly be said, must be as full as the amendment for which it is substituted. The replication here contains simply an averment of the cotemporaneous parol agreement, with no allegation of its omission from the written one by mistake. As a support to the defective narr., this replication was without strength and useless. Under the pleadings, the testimony as to the oral agreement, promptly objected to, on the ground that there was no allegation in the pleadings that it had been omitted from the written contract by fraud, accident or mistake, should have been excluded. At present it is not necessary that we consider other questions raised on this appeal, for, in sustaining the first assignment of error, we reverse the judgment without awarding a new trial.

Judgment reversed.