# General Motors Truck Company *v*. Philadelphia Paving Company, Appellant.

*Contracts—Written instruments—Variation by parol—Replevin —Set-off—Affidavits of defense—Insufficient averments.*

1. The terms of a written instrument cannot be changed by parol evidence of an alleged contemporaneous oral agreement, in the absence of allegation and proof that the provisions of the oral agreement were omitted from the writing by fraud, accident, or mistake.

2. Replevin is in form an action ex delicto and in such action the defendant cannot avail himself of a defense in the nature of a set-off, for the reasons that the demand is uncertain in its nature, and the fact that plaintiff is indebted to the defendant is no justification for a tortious act.

3. In an action of replevin for motor trucks in defendant's possession under a lease which provided that upon the lessee's failure to pay a stipulated rental, the lessors should have the right to take immediate possession of the goods wherever found and that "there are no representations, agreements or undertaking, express or implied, relating to said goods, other than those contained herein," where from the statement of claim it appeared that the rental had not been paid, an affidavit of defense alleging the breach of a contemporaneous oral agreement by plaintiff to establish a well equipped service station at which repairs to the motors could be made and new parts furnished as required, attempted to vary the terms of a written instrument by parol, without alleging the omission of anything from the writing by fraud, accident, or mistake, and further attempted to set up a defense in the nature of a set-off, and was properly held to be insufficient to prevent summary judgment.

Submitted Jan. 22, 1913.   Appeal, No. 342, Jan. T., 1914, by defendant, from judgment of C. P. No. 5, Phil-

adelphia Co., June T., 1914, No. 4861, for plaintiff, for want of a sufficient affidavit of defense, in case of General Motors Truck Company, a corporation, v. Philadelphia Paving Company, a corporation. Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ. Affirmed.

Replevin for motor trucks.

Rule for judgment for want of a sufficient affidavit of defense. Before RALSTON, J.

The opinion of the Supreme Court states the facts.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense. Defendant appealed.

*Error assigned* was the order of the court.

*John P. Connelly,* submitted a paper book for appellant.

*D. H. Solis-Cohen, Arno P. Mowitz,* and *Samuel D. Matlack,* submitted a paper book for appellee.

OPINION BY MR. JUSTICE POTTER, March 15, 1915:

This is an appeal from a judgment entered for want of a sufficient affidavit of defense. The action was replevin, brought to recover possession of two gasoline motor trucks. Defendant filed a counter-bond and retained possession of the trucks. In plaintiff's statement it was averred that on October 9, 1913, the motor trucks were delivered to defendant in pursuance of a written agreement, entitled a lease. By the terms of the agreement, defendant was to pay plaintiff as rental for the motor trucks, on signing the lease, $862.50; on delivery of the goods, $1,295.75; thirty days after delivery, $862.50; on April 1, 1914, $560.67, and on the first day of each month thereafter for nine months, $560.62. Defendant was to give plaintiff promissory notes for the last ten

payments, bearing interest from March 1, 1914, "the same to be given and accepted, not as payment for said installments of rental, but as evidence of the amounts to become due thereunder, and to enable the lessor to discount or negotiate the same in such manner as it wishes." The agreement further provided, that upon payment of notes in full, if the lessee should desire to purchase the goods, the lessor would sell them, for the sum of $8,625.00, "and would apply the amount received for the rent of said goods, or upon said notes, upon the purchase price." Also that, if the lessee should fail to pay the rent as stipulated, or the notes, and in certain other contingencies, the lessor should have the right to take immediate possession of the goods, wherever found. It was also stipulated in the agreement, "that there are no representations, agreements or undertakings, express or implied, relating to said goods, other than those contained herein." The statement also averred failure by defendant to pay the installment of rental due on August 1, 1914, in consequence of which the plaintiff issued the present writ of replevin.

In the affidavit of defense, the averments of the statements are admitted, but there is an attempt to set up as a defense, the breach of an oral agreement, alleged to have been made contemporaneously with the written contract, and as an inducement to the same, by which plaintiff agreed with defendant, that a well equipped service station would be installed in the City of Philadelphia, at which repairs to the motors could be made, and new parts furnished as required. It was alleged that plaintiff had not installed such a service station, and that defendant had thereby suffered damages in excess of the sum claimed by plaintiff to be due as rent. The court below held that the affidavit of defense was insufficient, and made absolute a rule for judgment. Defendant has appealed. There is no averment, that the terms of the alleged contemporaneous oral agreement were omitted

from the written contract, by fraud, accident or mistake. In Crelier v. Mackey, 243 Pa. 363, we said (p. 366): "With no averment in the affidavit of defense, and with no offer on the trial to prove that there had been any fraud, accident or mistake in the execution of the agreement, its plain terms were not to be radically changed by parol: Hunter v. McHose, 100 Pa. 38; Wodock v. Robinson, 148 Pa. 503; Krueger v. Nicola, 205 Pa. 38; Lowry v. Roy, 238 Pa. 9. The meaning of the parties to the agreement is conclusively presumed to have been set forth in its written words." The precise principle here involved, appears in the case of Eberle v. Bonafon's Executors, 17 W. N. C. 335. There the goods of a tenant, holding under a written lease, were levied on by the landlord for rent in arrears. The tenant replevied, and on the trial of the case offered to show, that at the time the lease was executed, the landlord agreed to make certain repairs, and that the lease was signed on that condition; that the repairs were not made, and by reason of the failure to make them, the tenant had suffered damages in excess of the amount of rent for which the levy had been made. The evidence was excluded and the verdict and judgment were for the landlord. On appeal, the judgment was affirmed, and this court said: "There was no error in rejecting the evidence. It does not tend to establish a contemporaneous parol agreement to change the effect of the written contract. All the facts alleged are insufficient for that purpose." This case was expressly followed in Wodock v. Robinson, 148 Pa. 503, which in turn has been frequently cited with approval. One of the latest cases in which we reiterated the doctrine that in the absence of an averment that something was left out by fraud, accident, or mistake, the terms of a written instrument may not be varied by setting up a parol agreement contemporaneous with the execution of the written document, is that of First Nat. Bk. of Shickshinny v. Tustin, 246 Pa. 151.

Another reason for sustaining the entry of judgment

in this case, is the lack of definiteness and particularity in the terms of the alleged oral agreement. No time for the installation of a service station was averred, nor any period for its maintenance set forth. It should also be noted that the defense suggested was in the nature of a set-off, and this cannot be allowed in an action of replevin to recover personal property. The reason for this rule is given by Mr. Justice SERGEANT in Fairman v. Fluck, 5 Watt. 516, as follows (p. 517): "Replevin is in form an action ex delicto, and seeks damages for unlawfully seizing and carrying away personal property. The defendant cannot avail himself of a set-off, because the demand is uncertain in its nature, and it is no justification for a tortious act, that the plaintiff is indebted to the defendant." Finally, the contract under which defendant obtained possession of the motor trucks, contains an express stipulation denying the existence of any representations or agreements relating to the goods, other than those contained therein. This stipulation was evidently inserted for the very purpose of preventing the introduction of any such claim, as that which defendant now seeks to advance. It cannot now be heard in an attempt to contradict the express terms of the written contract into which it entered.

The assignment of error is overruled, and the judgment is affirmed.