## Sutcliffe *v.* Bakes, Appellant.

*Evidence—Written agreement—Parol proof—Fraud—Pleadings.*
In an action upon a written agreement, evidence to prove antecedent and contemporaneous oral statements and promises explaining the circumstances and conditions leading up to the written agreement, is inadmissible, where the defendant does not in his answer, or at the trial, show that such statements and promises were omitted from the writing by any fraud or mistake, or that the writing was executed on the faith of the promises.

Argued Oct. 12, 1915.   Appeal, No. 31, Oct. T., 1915, by defendants, from judgment of Municipal Court, Nov. T., 1914, No. 182, on case tried by the court without a jury in suit of Fred Sutcliffe v. Samuel Bakes and William Stockton, co-partners trading as Westmoreland Packing Case Company.   Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit on a written contract.   Before MAC-NEILLE, J.
The opinion of the Superior Court states the case.

*Errors assigned* were in refusing defendant's motion for a new trial based on the exclusion of certain evidence.

*John N. Landberg,* for appellant.

*Daniel A. Stewart,* for appellee.

OPINION BY ORLADY, J., March 1, 1916:
The plaintiff brought suit on a written contract, and after formal pleadings, the parties waived a trial by jury and the cause was determined by a judge of the Municipal Court, who found for the plaintiff the full amount of

his claim. The assignments allege error in refusing to grant a new trial because of the exclusion of "evidence offered by the defendant to prove antecedent and contemporaneous oral statements and promises explaining the circumstances and conditions leading up to the written stipulations."

The defendants' answer admits the execution of the writing as attached to the plaintiff's statement, but does not allege in any manner that the conditions and stipulations which they regard as controlling, were omitted from the writing by any fraud, or that there was any accident or mistake in drawing up or signing their written offer to employ the plaintiff, or that it was executed on the faith of such promises.

The defendants contented themselves with defending without any averment of fraud or mistake, and in not including in the writing the alleged conditions. This does not meet the exigency of the rule that the parties affected by the alleged omissions should have distinct notice of the ground upon which the purposed reformation is asked, so he might come prepared to meet it, such an averment is indispensable, as shown by many authorities: Hunter v. McHose, 100 Pa. 38.

The meaning of the parties is conclusively presumed to have been set forth in its written words, and as they speak for themselves, their meaning was for the trial judge. With no averment in the affidavit of defense, and with no offer at the trial to prove that there was fraud, accident or mistake in the execution of the agreement, its plain terms were not to be radically changed by parol: Wodock v. Robinson, 148 Pa. 503; Crelier v. Mackey, 243 Pa. 363; General Motors Truck Co. v. Philadelphia Paving Co., 248 Pa. 499.

The judgment is affirmed.