# Neville, Appellant, v. Kretzschmar.

*Contract — Written contract — Parol evidence — Fraud, etc. —* *Promise inducing signature—Pleadings — Single witness — Mortgage—Agreement as to no personal liability.*

Where a mortgage is given in part payment of corporate stock under a written agreement which provided that "recourse on the bond with mortgage was to be had against the mortgaged premises only," personal liability cannot be enforced against the purchaser, by the evidence of one witness only, that the purchaser had promised, in direct contradiction of the writing, to pay the mortgage, and that on the faith of the promise the mortgagor was induced to sign the mortgage, in the absence of an allegation in the pleadings or proof that the oral promise was omitted from the mortgage by fraud, accident or mistake, or that the promise was made to induce its execution.

Argued May 10, 1921. Appeal, No. 3, Jan. T., 1922, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1919, No. 4634, on verdict for defendant, in case of Caroline Neville, Executrix of John J. Neville, deceased, v. Arthur Kretzschmar. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit to recover part of purchase money on sale of corporate stock. Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

The court gave binding instructions for defendant. Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned,* among others, was above instructions, quoting them.

*Edward B. Martin,* for appellant.—Parol evidence is admissible to prove that there was other or greater consideration in the transaction than that expressed in the writing, provided it is not contradictory of or inconsistent with that expressed in the written instrument:

Strawbridge v. Cartledge, 7 W. & S. 394; McMullin v. Glass, 27 Pa. 151; Rimestone v. Reifsnyder, 4 Pa. Superior Ct. 78; Audenreid's App., 89 Pa. 114; Buckley's App., 48 Pa. 491; Peterson v. Willing, 3 Dall. 506; Galway's App., 34 Pa. 242; Henry v. Zurflieh, 203 Pa. 440; Press Pub. Co. v. Reading News Agency, 44 Pa. Superior Ct. 428; Somerset Colliery Co. v. John, 219 Pa. 380; Parcell v. Grosser, 109 Pa. 617.

In a suit based on a writing, the law will not permit one of the parties to repudiate a promise by means of which he induced the other party to execute it: Kerr v. McClure, 266 Pa. 103; Gandy v. Weckerly, 220 Pa. 285; Noel v. Kessler, 252 Pa. 244; Clinch Valley C. & I. Co. v. Willing, 180 Pa. 165.

*Thomas H. McCaffrey,* for appellee.—The written agreement is binding and prevails and cannot be attacked, unless fraud, accident or mistake is proved: Ruth-Hastings G. T. Co. v. Slattery, 266 Pa. 288; Stein v. Slomkowski, 74 Pa. Superior Ct. 156; Meyers v. Trust Co., 75 Pa. Superior Ct. 40.

OPINION BY MR. JUSTICE SCHAFFER, July 1, 1921:

John J. Neville, appellant's decedent, was the owner of fifty shares of the capital stock of the Thomas P. Skelly Bolt Company; he entered into an agreement, in writing, to sell it to the defendant, Arthur Kretzschmar. The agreement provided, as part of the consideration for the purchase, that Kretzschmar should give to Neville a third mortgage for $2,500 on a property which he, Kretzschmar, owned. The mortgage and the rest of the purchase price of the stock were delivered to Neville, and the stock to Kretzschmar. The agreement, after setting forth that the mortgage was part of the consideration, provided "Recourse on bond with mortgage to be had against mortgaged premises only."

Foreclosure proceedings were instituted on a prior mortgage, and, after notice to Neville, who did not pro-

tect himself at the sale, the property was sold by the sheriff, the $2,500 mortgage being thus divested. Neville died, letters testamentary were granted to his wife, the appellant, and she commenced an action of assumpsit against Kretzschmar, in which she alleged, after reciting the written agreement between him and her husband, that at the time of its execution Kretzschmar promised he would pay the mortgage to Neville.

On the trial, counsel for appellant made an offer to prove by Mrs. Neville that, on the date of the agreement, immediately prior to and at the time of the execution of the discharged mortgage, defendant had promised her decedent he would pay off this mortgage of $2,500 within its term of three years, and, on the faith of this promise, her husband was induced to sign the agreement. The trial judge refused to receive the testimony, on the ground that it was in contradiction of the writing; and, there being no further testimony submitted, gave binding instructions for defendant. From this disposition of the case plaintiff has appealed.

The decision of the court below was correct. Without allegation or offer of proof to show that the oral promise proposed to be proven,—and it by but a single witness,— had been omitted from the written agreement by fraud, accident or mistake, plaintiff by her unsupported oath sought to set aside its explicit terms, which provided that recourse on the bond should be had against the mortgaged premises only, the effect of which of course was to exempt the defendant from personal liability. It would be useless to reduce contracts to writing, if that which is written down to evidence them, and make them certain, could be erased by testimony such as offered here. In the absence of an allegation that something was omitted from a written instrument by fraud, accident or mistake, or a contemporaneous parol promise was made to induce its execution, it cannot be overthrown or modified by oral evidence: Wodock v. Robinson, 148 Pa. 503; Krueger v. Nicola, 205 Pa. 38; Gen-

eral Motors Truck Co. v. Phila. Paving Co., 248 Pa. 499; Ruth-Hastings Glass Tube Co. v. Slattery, 266 Pa. 288. "When a contract has been reduced to writing, it is understood as expressing the final conclusion of the contracting parties, and fully accepted as merging all prior negotiations and understandings, whether agreeing or inconsistent with it": Rearick v. Rearick, 15 Pa. 66; Lowry v. Roy, 238 Pa. 9.

The assignments of error are overruled and the judgment is affirmed.