## Lynch v. Killeen, Appellants.

Argued November 22, 1928.

Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Thomas M. J. Regan*, for appellant.

*Francis T. Anderson*, for appellee.

OPINION BY HENDERSON, J., December 13, 1928:

A judgment was entered against the defendants in the court below for want of a sufficient affidavit of defense. The action was based on an application in

writing by the latter for a loan of $12,000 or $12,500 on a first mortgage. The application authorized the plaintiff to obtain such loan, and contained an agreement to pay a commission of one and one-half per cent for services with respect thereto, together with the necessary expenses of the plaintiff involved in the transaction. Pursuant to this authorization the plaintiff obtained a loan of the desired amount to be secured by a first mortgage, and the defendants were promptly notified of that fact. John Killeen, one of the defendants, gave to the plaintiff a written acceptance. The defendants having refused to pay the commission stipulated for, this action was brought. The statement of claim set forth the contract as above recited, performance thereof by the plaintiff, and the default of payment by the defendants, together with a copy of the contract. It is not denied that the defendants signed the application on which the action is based, but the defense is made that the plaintiff agreed to secure two mortgages for the defendants a first mortgage of $12,000 or $12,500 and also a second mortgage for $8,000, and that the agreement attached to the plaintiff's statement of claim was only a part of the contract between the parties, the parol contract having been made sometime before the writing sued on. There is no averment that there was omitted from the written agreement any other contract or part of a contract by reason of fraud, accident or mistake; nor is the written agreement ambiguous in any of its terms. It is a plain intelligible and not unusual contract in form, to render a specific service to the defendants and there is no dispute that the plaintiffs made the arrangement for the loan stated in the agreement.

We regard the law as well established that a contract in writing is presumed to fully express the final undertaking of the parties and that all prior negotiations and understandings are merged therein. The

written agreement clearly sets forth that there was to be one first mortgage of the amount stated, and there is no reference to any other agreement. The case is clearly within the decisions in Lowry v. Roy, 238 Pa. 9; Gianni v. R. Russell & Co., 281 Pa. 320; Neville v. Kretzschmar, 271 Pa. 222; Wolverine Glass Co. v. Miller, 279 Pa. 138. None of the cases cited by the appellant are inconsistent with the rule above stated.

The opinion of the court below is sustained by the authorities cited, and many others.

The assignments are overruled, and the judgment affirmed.

NOTE—This opinion was written by Judge Henderson and adopted by the court as its judgment before his death though filed thereafter.