## Pollow v. Henry L. Doherty & Co.

*H. Shapiro*, for plaintiff; *W. Logan MacCoy*, for defendant.

ALESSANDRONI, J., July 21, 1930.—The plaintiff originally filed a statement of claim in *assumpsit*, alleging that on Sept. 25, 1929, she entered into two written contracts for the purchase of 100 shares and 50 shares, respectively, of Cities Service stock from the defendant company at $59 per share, an initial payment being made on each contract and the balance in regular monthly instalments beginning Nov. 1, 1929.

Each contract contained the following provision: "This contract becomes automatically cancelled if the purchaser's payments due on the first of each month are not made on or before the first of the following month; and, in such event, the company will refund the amount theretofore paid, less or plus, as the case may be, the difference between the contract price and the market bid price of the fifteenth of the month preceding; and less also an amount, as liquidated damages, equal to ten per cent. of such market bid price."

The original statement of claim averred that the instalments due Nov. 1, 1929, were not paid and the contracts, therefore, were automatically canceled and the plaintiff became entitled to receive the amounts she had paid, together with the difference between the contract price per share and the market price per share prevailing on Oct. 15, 1929, which was $68.12½, less 10 per cent. of the then market bid price, which is computed at a total indebtedness of $1346.88.

The defendant filed an affidavit of defense raising questions of law, averring that under the terms of the contract the plaintiff was not in default until Dec. 1, 1929, regarding the payments due on Nov. 1, 1929, and that the contracts being canceled on Dec. 1st, the settlement date should be Nov. 15, 1929.

This court, in an opinion by the President Judge dated April 3, 1930, and reported in 13 D. & C. 463, interpreted the contract as meaning that there is no default until the expiration of a month of arrears, and that "the 15th of the month preceding" means the 15th of the month preceding the cancellation date, or, in this case, Nov. 15, 1929. The court granted leave to the plaintiff to amend her statement of claim in accordance with the expressed terms of the contract as judicially construed. The plaintiff then filed an amended statement of claim, averring the same facts which were alleged in her original statement, but adding that she was represented by her husband in making these two contracts and that the defendant's agent represented to her husband "that the term 'the 15th of the month preceding' as used in said written con-

tract meant the 15th of the month preceding the day when the payment first becomes due." The plaintiff, therefore, calculates her damages in the same manner as originally expressed, but the basis of her suit now is the representation made by the defendant's agent at the time the contracts were negotiated.

The defendant has again filed an affidavit of defense raising questions of law, raising the question as to whether the plaintiff can thus vary the terms of a written contract by parol evidence.

This contract was construed by our court as clearly meaning that the settlement basis should be the 15th of the month preceding the cancellation date, which, in this case, would be Nov. 15th. The plaintiff, in her amended statement of claim, has, rather than change her cause of action and computation in order to coincide with the meaning of the contract, sought to give the contract the meaning she originally contended by alleging an oral representation of the salesman for the defendant to the effect that the contract would be construed to mean Oct. 15, 1929, in this case.

The affidavit of defense raising questions of law is based upon firmly established legal principles in this state. A written contract cannot be varied by parol evidence in the absence of fraud, accident or mistake. The plaintiff has not alleged fraud here, and, therefore, no exception to the parol evidence rule can be made on this basis. The plaintiff, however, relies on the argument that she is not trying to vary the terms of a written agreement but is merely introducing parol evidence to explain the intention of the parties regarding an ambiguous contract. The flaw in this argument lies in the fact that the contract is not ambiguous. It was so held when formerly before this court. In addition, the opinion of the President Judge of this court in Pollow v. Doherty & Co., *supra*, recites an identical case raised in New York, *i. e.*, Levy v. Doherty, reported in the Law Journal of Jan. 22, 1930, which reached the same conclusion as that previously reached by this court, and this decision was affirmed by the Appellate Term of the Supreme Court of New York State. This contract not being ambiguous, therefore, is self-supporting and cannot be given a contrary meaning by parol evidence. In Gilmore v. Gilmore, 276 Pa. 333, a somewhat similar question was raised and the court refused to admit the parol evidence. As is stated in Crelier v. Mackey, 243 Pa. 363, the court construed a similar situation and ruled as follows: "The disallowed offer, which is the subject of the first assignment of error, was to show that the agreement was not what it clearly purported to be, but that the appellant has executed it as the mere representative of the Thomas R. Mackey Baking Company, and that this fact was known to the appellee at the time it was executed. If the offer had been allowed, permission would have been given the defendant to vary and contract the terms of a plain contract and to substitute for it another upon which the appellee would have no cause of action against the appellant. With no averment in the affidavit of defense and with no offer on the trial to prove that there had been any fraud, accident or mistake in the execution of the agreement, its plain terms were not to be radically changed by parol: Hunter v. McHose, 100 Pa. 38; Wodock v. Robinson, 148 Pa. 503; Krueger v. Nicola, 205 Pa. 38; Lowry v. Roy, 238 Pa. 9. The meaning of the parties to the agreement is conclusively presumed to have been set forth in its written words, and, as they speak for themselves, their meaning was for the trial judge."

The leading case on this subject, Gianni v. Russell & Co., Inc., 281 Pa. 320, states the rule as follows: " 'Where parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the

writing to be not only the best but the only evidence of their agreement:' Martin v. Berens, 67 Pa. 459, 463; Irvin v. Irvin, 142 Pa. 271, 287. 'All preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract . . . and unless fraud, accident or mistake be averred, the writing constitutes the agreement between the parties, and its terms cannot be added to nor subtracted from by parol evidence:' Union Storage Co. v. Speck, 194 Pa. 126, 133; Vito v. Birkel, 209 Pa. 206, 208. . . .

"There are, of course, certain exceptions to the parol evidence rule, but this case does not fall within any of them. Plaintiff expressly rejects any idea of fraud, accident or mistake and they are the foundation upon which any basis for admitting parol evidence to set up an entirely separate agreement within the scope of a written contract must be built. The evidence must be such as would cause a chancellor to reform the instrument, and that would be done only for these reasons (Pioso v. Bitzer, 209 Pa. 503), and this holds true where this essentially equitable relief is being given, in our Pennsylvania fashion, through common law forms.

"We have stated on several occasions recently that we propose to stand for the integrity of written contracts: Wolverine Glass Co. v. Miller, 279 Pa. 138, 146; Evans v. Edelstein, 276 Pa. 516; Neville v. Kretzschmar, 271 Pa. 222. We reiterate our position in this regard."

The plaintiff has relied on two cases, neither of which are pertinent to the question raised or applicable to the facts of this case. In Simon v. Myers, 284 Pa. 3, 9, the question arose as to the meaning of the words "at settlement" and parol evidence was admitted to explain the meaning of this doubtful term. In the case at bar the meaning is clear. The parol evidence is, therefore, not admissible. The other case relied upon by the plaintiff, Trexler v. Reynolds, 43 Pa. Superior Ct. 168, raises no question of parol evidence at all but merely one of the construction of a contract.

The evidence of any parol agreement is not admissible to modify the terms of a contract between parties unless the evidence of such an agreement is clear, precise and indubitable; that it carries a clear conviction of its truth, and that it is sufficient in weight to move the conscience of a chancellor to reform the instrument: Lowry v. Roy, 238 Pa. 9. We do not think that the allegations relied upon by the plaintiff meet these requirements. The parol agreement alleged is not plausible and the plaintiff apparently is merely seeking some basis to sustain her cause of action, possibly because of the fact that the use of the settlement date of Nov. 15, 1929, which was after the well known stock market crash, would give her no basis for suit.

In addition, it might be remarked that the contracts contain this further provision: "No provision of this contract may be waived by any agent or representative of Henry L. Doherty & Co." This provision was intended to preclude any amendment to the express terms of the contract and appeared on the contract at the time it was signed. The plaintiff was, therefore, placed upon notice that the agent of the defendant had no authority to waive any of the conditions therein stipulated. The parol agreement which she has set up attempts to vary the express conditions of the agreement, and, of course, cannot be binding upon the defendant.

And now, to wit, July 21, 1930, the affidavit of defense raising questions of law is sustained, and it is hereby ordered that judgment be entered in favor of the defendant.