## First National Bank of Pittston v. Cawley

*W. L. Pace*, for plaintiff.

*K. J. English, Leo W. White*, and *W. H. Gillespie*, for defendant.

COUGHLIN, J., October 20, 1933.—Plaintiff bank sued defendant on a promissory note, payable on demand, for $10,400, which was signed by T. A. Gibbons, trustee, he being likewise payee, and endorsed as follows:

"For value received I hereby guarantee payment of the within note, when due, and waive notice of protest."

This endorsement was signed "T. A. Gibbons trustee," and there were six other endorsers, of which defendant was the last. In plaintiff's statement of claim, the payment of $1,485.71 each, upon the part of three of the seven endorsers was admitted, the suit being for the balance, alleged to be $5,942.86, with interest from November 4, 1931.

Defendant filed an affidavit of defense, averring an additional payment by one of the endorsers in the sum of $1,485.71, thus reducing the balance owing to $4,457.16, with interest, instead of $5,942.86. This is a good defense pro tanto in the disposition of the present rule for judgment for want of a sufficient affidavit of defense. Depositions have been taken, which are alleged by plaintiff as indicating this averment to be untrue. We know of no practice or authority for depositions attacking the verity of the affidavit of defense, and counsel for plaintiff have furnished us with no legal authority for the taking or consideration of such depositions on this motion for summary judgment. On motion for judgment, the affidavit of defense is to be taken as absolutely true, and on all the facts properly stated as conclusive: Endlich on Affidavits of Defence, 476, § 627. It has been held that the only means whereby to contradict an affidavit of defense at this stage is a determination of its falsity from the record of the suit in which it is filed: Ibid 478, § 628. But this is no authority for determining the truth or falsity of an affidavit of defense by depositions upon matters outside the record. The truth or falsity of the pleadings are to be ultimately disposed of by the jury if questions of fact are raised. But, even considering the depositions as a legal part of these proceedings, the depositions do not sufficiently contradict the averment in the affidavit of defense as to the further payment thereon by a fourth one of the endorsers.

A further defense is set up, consisting of an oral agreement made with the president of the plaintiff bank. The oral agreement is in plain contradiction of the terms of the written agreement upon which suit is brought, and facts are not alleged which would make proof of said oral agreement competent testimony to contradict said written instrument. Where the plaintiff declares upon a written contract, and defendant files an affidavit of defense from which it appears that the defense rests upon an alleged oral agreement contradictory to the written contract, and it is not averred that the alleged oral agreement was omitted from the written contract by fraud, accident or mistake, the affidavit is insufficient insofar as it rests upon the alleged oral contract: General Electric Co. v. Camden Iron Works, 239 Pa. 411; Krueger v. Nicola, 205 Pa. 38; Speier v. Michelson, 303 Pa. 66, 71. Where, without fraud or mistake, parties enter their engagements in writing, the writing is the only evidence of their agreement. Especially is this true where the alleged oral contemporaneous agreement is a subject or element which is dealt with in the written contract of the parties. In such a case, evidence of the oral contract is inadmissible under the parol evidence rule: Gianni v. Russell & Co., Inc., 281 Pa. 320. It is the policy of the law to uphold the integrity of the written contract: Wolverine Glass Co. v. Miller, 279 Pa. 138; Evans v. Edelstein et al., 276 Pa. 516; Neville v. Kretzschmar, 271 Pa. 222.

Furthermore, the alleged oral agreement is with the president of the bank and in contradiction of the written instrument sued upon. No facts are alleged upon which it may be concluded that the president had authority to make such an oral agreement. The authority or consent of the directors of the bank should be alleged: First National Bank of Hooversville v. Sagerson et al., 283 Pa. 406; First National Bank of Greencastle v. Baer et al., 277 Pa. 184.

The defendant has brought upon the record, by writs of sci. fa., others as cosureties. They have filed answers, wherein they do not attack their obligation to the plaintiff bank as endorsers on said note. Their liability over to the defendant cannot be disposed of on this rule for judgment upon the part of the plaintiff as against this defendant. The rule here under consideration is a rule brought by the plaintiff against this defendant alone, for judgment for want of sufficient affidavit of defense. See First National Bank of Pittsburgh v.

Baird, 300 Pa. 92. The rule must be made absolute for the amount of plaintiff's claim, for the sum of $4,457.16, the amount, under the pleadings, which must be held to be admittedly due since no sufficient affidavit of defense is set up in defense thereof. The balance of said claim, $1,485.71, is alleged in the affidavit of defense to have been received by plaintiff and it is to that extent held sufficient.

Therefore, the rule heretofore granted upon defendant, James W. Cawley, to show cause why judgment should not be entered against him and in favor of the plaintiff bank for the amount set forth in plaintiff's statement of claim, for want of sufficient affidavit of defense, is made absolute in the sum of $4,457.16, and judgment is entered against the defendant and in behalf of the plaintiff for the sum of $4,457.16, with interest from November 4, 1931, at 6 percent. Affidavit held sufficient as to balance.

From Frank P. Slattery, Wilkes-Barre, Pa.