## Myers v. Martin Construction and Supply Company.

*Lease of land for business purposes—What is covered by—Trespass—Burden of proof—Latent ambiguity—Parol evidence to alter or explain a written contract.*

1. Under a written lease for a definitely described tract of land bounded on one side by a creek, further setting forth that it was intended to "include sufficient ground on the tract above mentioned for a railroad siding . . . and for the erection and operation of a coal tipple and the necessary building and equipment connected with a river coal plant," what ground is necessary for such purposes is to be decided by the lessee, the lease being construed most strongly against the lessor; and, without deciding whether his decision is final, in a suit for trespass by the lessor against the lessee, the burden of proof is on the lessor to prove that the land taken up by the lessee was not so necessary.

2. Where, in such case, the plaintiff did not attempt to disprove such necessity and the defendant testified that it was necessary for boats required by his river coal plant, a verdict was properly directed for the defendant, the question of the construction of the lease being for the court.

3. There being no latent ambiguity in the lease, evidence as to what was intended and understood by the parties was properly excluded.

�widen 4. Unless fraud, accident or mistake be averred, a written contract constitutes the agreement between the parties, and its terms can neither be added to nor subtracted from by parol evidence.

5. A written agreement must be so construed as to give effect to all of its terms.

Rule for a new trial and rule for judgment for plaintiff *n. o. v.*  C. P. Lancaster Co., March T., 1923, No. 59.

*F. Lyman Windolph,* for plaintiff and rules.

*Willis G. Kendig,* for defendant.

HASSLER, J., Jan. 17, 1925.—This is an action of trespass, wherein plaintiffs seek to recover damages, because "the defendant, on or about Dec. 6, 1922, by force of arms, entered the said premises of the plaintiffs and occupied and used, and continues to occupy and use, that portion of such premises lying along the south bank of the Pequea Creek, adjoining lands of the Pennyslvania Railroad, for the storage of boats and for other purposes." '

At the trial we gave binding instructions to the jury to find a verdict for the defendant, and we are now asked to enter judgment *n. o. v.* or grant a new trial. At the trial, both parties agreed that the plaintiffs, on Sept. 6, 1921, had leased to the defendant, by a written lease, which was offered in evidence, for the term of twenty years, a tract of land described as follows: "A tract of land at Pequea, Martic Township, Lancaster County, Pa., bounded on the west by the Columbia & Port Deposit Branch of the Pennsylvania Railroad right of way, *on the north by Pequea Creek,* and on the east and south by other land of the lessors herein, now used by the Lancaster & York Furnace Street Railway, said land being more particularly set forth and described in a plan attached hereto, etc." This description, both in the words of the lease and in the draft attached, it is also agreed, embraces the land which the plaintiffs allege the defendant has trespassed upon, and if there was nothing more in the lease, it would not be questioned that the defendant was the lessee of it under the terms of the lease.

But it is contended by the plaintiffs that we erred in giving binding instructions to find a verdict for the defendant, for the reason that the tract of land so leased was for a particular purpose, which was expressed in the lease, and that only so much of the tract was leased to the defendant as was necessary for that purpose, and that as the land along the Pequea Creek was not necessary for that purpose, it was not leased to the defendant by said lease.

Myers *v.* Martin Construction and Supply Company.

We cannot agree with this contention, because the purpose for which it was leased, as embraced in the lease, does not, either expressly or impliedly, exclude the land along Pequea Creek. It is as follows: "The said land being more particularly set forth and described in a plan attached hereto and intended to include sufficient ground on the tract above mentioned for a railroad siding to connect to the present siding terminus of the Millersville-Pequea Supply Company. . . . Also sufficient ground for the erection and operation of a coal tipple and the necessary building and equipment connected with a river coal plant."

Whether the part of the tract abutting on Pequea Creek, conceding that it was not necessary for the railroad siding, is necessary for the erection of a coal tipple, or the necessary building and equipment connected with a river coal plant, is to be decided by the defendant, the lease being construed most strongly against the lessors. The plaintiffs did not even attempt to prove that it was not necessary for these, or one of these, purposes, and the burden of doing so was on them. On the contrary, they did prove that the defendant was using it for the boats, which were necessary equipment connected with the river coal plant, and the defendant testified that it was absolutely necessary for that purpose.

As nothing was shown that would justify the plaintiffs from excluding the land along the Pequea Creek from being used for the purposes mentioned in the lease, the defendant is entitled to possession of it under the lease and was not a trespasser in using it for the purpose for which it was proven he did use it.

We are of the opinion that a proper construction of the lease is that it included the land upon which the defendant is accused of trespassing, and as that is a question for the court, our instructions to the jury were free from error.

The rule for a new trial alleges that we erred in holding that there was no ambiguity in the lease and excluding evidence offered to show what was intended and understood by the parties to be included in the description in the lease before and at the time of its execution.

We do not agree that there was any latent ambiguity in the lease; in fact, there was not. It is clearly stated in it that the portion of the tract of land up to and along Pequea Creek, upon which it is alleged the defendant trespassed, was leased to the defendant for the purposes above mentioned.

In Wodock *v.* Robinson, 148 Pa. 503, it is decided that "It is a rule too firmly rooted in justice and honesty to be easily eradicated from any system of wise laws that all negotiations, all conversations, all oral promises, all verbal agreements, are forever merged in, superseded and extinguished by the sealed instrument which is the final outcome and result of the bargaining of the parties. Unless fraud, accident or mistake be averred, the writing constitutes the agreement between the parties, and its terms can neither be added to nor subtracted from by parol evidence." See, also, Krueger *v.* Nicola, 205 Pa. 38. Justice Simpson, in the case of McHenry Lumber Co. *v.* Second National Bank, 281 Pa. 52, states the proposition that "An agreement will not be so construed as to nullify any part of it unless no other conclusion is reasonably possible." A written agreement must be construed so as to give effect to all of its terms, if such construction be at all possible. We are satisfied that no error was committed, and discharge both the rule for a new trial and the rule for judgment *n. o. v.*

From George Ross Eshleman, Lancaster, Pa.